**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ALFREDA KECK and DEVON KECK,

        Plaintiffs,

v.                                            Case No. 07-CV-11042-DT

GRAHAM HOTEL SYSTEMS, INC.,

        Defendant.

_____/

**ORDER DENYING "PLAINTIFFS' MOTION FOR RELIEF FROM
OBLIGATION TO SPECIFY LOCAL COUNSEL"**

      Before the court is Plaintiffs' counsel's *ex parte* motion seeking to avoid the

necessity of engaging local counsel pursuant to Eastern District of Michigan Local Rule

83.20(f), which provides:

> Any member of the bar of this court who is not an active member of the
> State Bar of Michigan must not appear as attorney of record in any case
> without specifying on the record, as local counsel, a member of the bar of
> this court having an office within the district upon whom service of all
> papers may be made. Such local counsel must enter an appearance in
> the case and must have both the authority and responsibility for the
> conduct of the case should out-of-town counsel not respond to any order
> of the court for appearance or otherwise. On application, the court may
> relieve an attorney who is not an active member of the State Bar of
> Michigan of the obligation to specify local counsel.

      Plaintiffs' motion is not supported by a brief, as required by Local Rule 7.1(c).

Also, no attempt was made to seek concurrence, as required by Local Rule 7.1(a),

although under circumstances where an out-of-state attorney has filed the case in

violation of Local Rule 83.20(f)'s requirement of specifying local counsel, and apparently

has not yet served the summons, locating a representative from the opposing side to consider stipulating to the relief sought might well prove difficult.

Plaintiffs' counsel, Mr. Dane, maintains an office in both Washington, D.C. and in Perrysburg, Ohio, in the vicinity of Toledo.[1] He avers that he has been a member of the bar of the Eastern District of Michigan since 1999, and lead counsel on several cases filed in this District. Mr. Dane says that he "has received a waiver of the requirements of Local Rule 83.20(f) in the past." (Pl.'s Mot. at 2.) Indeed, in reviewing the records, the court finds one earlier case, of the seven in which Mr. Dane's name appears, in which he successfully sought a waiver (using the same format of motion and proposed order presented here), *National Fair Housing Alliance, Inc. et al. v. Town and Country-Sterling Heights, Inc., et al.,* No. 07-10385. It appears that in all the other cases[2] local counsel was present. In one other pending case, *Lowery v. Beztak Properties, Inc.*, 06-13408, counsel has filed a motion to intervene combined with a motion to waive local counsel requirements. A hearing is pending in that case.

At its core, the motion presupposes that there is no real need for the this Court's local rule requiring local counsel. The court doubts that such is the case. Other

---

[1] The court is somewhat uncertain where counsel bases his practice. In the complaint and on the civil case cover sheet he gave an address in Perrysburg as well as one in the nation's Capitol, but in his motion says that his "for the past twenty-five years, his law offices have been located in Toledo, Ohio, only forty-five miles away from the federal courthouse in this District." (Pl.'s Mot. at 1.) The details of distance make little difference–apart, perhaps, from a need to summon counsel into court on very short notice–but the court reckons the distance from Perrysburg to be more like seventy miles and Toledo to be about sixty miles.

[2] *Oliver v. Cobble Creek Apt, et al.*, No. 93-71410; *Shannon, et al. v. Camelot Apt, et al.*, No. 93-60268; *Thomas v. Parkhill Apts, et al.*, No. 97-70526; *Hamad, et al v. Woodcrest Condo Ass'n, et al.,* No. 00-72555.

Districts have adopted a variety of ways of addressing the situation. Some permit *pro hac vice* practice, but require there to be a local attorney already in place.[3] Some do not ordinarily require local counsel, but leave the matter in the discretion of the assigned judge.[4] The Local Rules of the Northern District of Ohio, home to one of Mr. Dane's offices, do not require local counsel. N.D.OhioL.R. 83.5(c) provides:

> Local Office Requirement. Unless otherwise ordered by the Court, it shall not be necessary for any attorney entitled to practice before the District Court or permitted to appear and participate in a case or proceeding to associate with or to designate an attorney with an office in this district upon whom notices, rulings, and communications may be served.

---

[3] *See. e.g.*, the Local Rules of the Southern District of Ohio:

83.3 ADMISSION TO THE BAR

(a) Roll of Attorneys. The permanent bar of this Court shall consist of those attorneys currently admitted and those attorneys hereafter admitted, in accordance with these Rules or by order of this Court, to practice in this Court. Attorneys admitted pro hac vice are not permanent members of the bar of this Court.

83.4 TRIAL ATTORNEY

(a) Designation and Responsibility. Unless otherwise ordered, in all actions filed in, transferred to or removed to this Court, all parties not appearing in propria persona shall be represented of record by a "trial attorney" who is both a permanent member of the bar of this Court in good standing and a member in good standing of the bar of the Supreme Court of Ohio. Unless such designation is changed pursuant to subsection (d) of this Local Rule, the trial attorney shall attend all hearings, conferences and the trial itself, unless otherwise excused.

[4] *See. e.g.* W.D.Mich.L.R. 83.1(f) LOCAL COUNSEL.

The Court may, in its discretion, require any attorney whose office is a great distance from the courthouse to retain local counsel. Local counsel shall enter an appearance in the case and shall have both the authority and responsibility for the conduct of the case should lead counsel be unavailable for any appearance, hearing or trial.

If the only, or principal, purpose for specifying local counsel were to permit the court to serve "notices, rulings, and communications," N.D. Ohio L. R. 83.5(c), there would be no sense in maintaining this requirement alongside the recent requirement that all attorneys be electronic filers and thus able to receive such notices, etc., virtually instantly. There are, however, other purposes. Personal accessability is one. Familiarity with the Local Rules and the local legal culture is another. More important, however, is the ability of the court to govern the behavior of its attorneys, including the ability to meaningfully refer a misbehaving attorney to the grievance procedures of the State Bar. Local Rule 83.20(f) therefore serves many important purposes, and the court does not find that a waiver of this requirement is appropriate in this case. Accordingly,

IT IS ORDERED that "Plaintiffs' Motion for Relief from Obligation to Specify Local Counsel" [Dkt. # 2] is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 15, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 15, 2007, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522